**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 26-13276-MCR |
| ARTSPACE MOUNT RAINIER | ) | |
| LIMITED PARTNERSHIP, | ) | Chapter 7 |
| | ) | |
| *Debtor*. | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR AUTHORITY TO OPERATE**
**DEBTOR'S BUSINESS ON AN INTERIM AND LIMITED BASIS**

COMES NOW Merrill Cohen, Chapter 7 trustee ("Trustee") of the above-captioned Chapter 7 case for the debtor Artspace Mount Rainier Limited Partnership (the "Debtor"), pursuant to 11 U.S.C. § 721, and by and through his counsel, Janet M. Nesse and McNamee Hosea, P.A., hereby moves for the entry of an order authorizing the Trustee to operate the business of the Debtor on an interim and limited basis in order to: (i) preserve the value of assets of the Debtor; (ii) evaluate the prospects for the sale of assets of the Debtor; (iii) conduct collection of the Debtor's outstanding accounts receivable; and (iv) effect the orderly wind down of the Debtor's business ("Motion") and, in support, thereof states as follows:

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue for this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The relief sought herein is pursuant to 11 U.S.C. § 721.

**Background**

4.      The Debtor owns and operates a commercial apartment building located at 3311 Rhode Island Avenue, Mount Rainier, Maryland 20712 (the "Real Property"), where the Debtor leases affordable rental living spaces primarily to artists and their families.

5.      On March 27, 2026 (the "Petition Date"), the Debtor voluntarily filed for relief under Chapter 7 of the Bankruptcy Code. Merrill Cohen was subsequently duly appointed as Chapter 7 trustee for the Debtor's estate (the "Estate") by the United States Trustee for Region 4.

6.      The first meeting of creditors took place on May 6, 2026. Based upon initial information provided to the Trustee, Debtor's tenants still occupy the Real Property and have ceased paying rent alleging the Real Property has fallen into disrepair.

7.      Secured creditors of the Debtor notably include government agencies (the "Agencies") for the State of Maryland as well as Prince George's County, Maryland, for Debtor's outstanding state and county taxes, respectively, and community development investment liens.

8.      Counsel for the Agencies, for the apartment tenants, and for the management company of the Real Property (collectively, the "Interested Party Counsels") have engaged in dialogue with the Trustee regarding the circumstances of the Real Property.

9.      Interested Parties have expressed their support for the Trustee to request authority to operate Debtor's business to facilitate rehabilitation and subsequent sale of the Real Property.

**Relief Requested**

10.      The Trustee's principal goal in this case is to liquidate the Debtor's Real Property and assets. To this end, the Trustee believes he must continue standard operations of the Debtor's business to keep the Real Property attractive to potential purchasers. Consequently, the Trustee

seeks authority to operate the Debtor's business for the limited time and purpose of conducting necessary operations and ordinary maintenance to the Real Property.

11. The Trustee is seeking to operate the Debtor's business for an initial period of six (6) months, through December 24, 2026.

12. The Trustee is seeking to avoid any diminution in the value of the Debtor's assets while the bankruptcy estate is being administered.

13. The Trustee is concerned that the improper management and oversight of Debtor's business and lack of liquid assets to fund operations will adversely impact the value of the Real Property and Debtor's assets insofar as it may hinder or interfere with the business of ongoing rental leases, with repairs to the Real Property as needed for general upkeep, with meeting any required regulatory standards and processes, with retaining operational permitting and licensure, and with effectively transferring the Real Property as part of any contemplated sale.

14. The Trustee was informed that the Economic Development Corporation ("EDCO"), a financial partner and real estate developer for the state, will have access to $1,500,000 in funds in July 2026, which EDCO intends to make available for the rehabilitation of the Real Property prior to its subsequent sale. Rehabilitation of the Real Property is not anticipated to occur until the EDCO funds are made available.

15. In the interim, before funds become available, Prince George's County, Maryland will advance $50,000 in funds per month for the continued operation of the Real Property, and will provide necessary further operating expenses monthly.

16. The Trustee has been informed and understands that this advance should be sufficient funds to support immediate day-to-day operations of the Debtor, consistent with the budget provided by the management company. The Trustee has reviewed and discussed the budget

3

with Interested parties who consent to the operation of the Debtor's business on a limited basis as set forth in the attached budget.

17. A general commercial insurance policy is in place and was obtained through the Debtor. The Trustee is currently reviewing the coverage to ensure that the coverage is appropriate.

18. The secured creditors have agreed to a carveout from proceeds of sale for payment of administrative expenses and to provide a payment to unsecured creditors.

19. Upon the conclusion of the six (6) month period requested herein, the Trustee expects to have a clear plan regarding the administration of the Debtor's bankruptcy estate and the ultimate resolution of this case.

**Legal Authority**

20. Section 721 of the Bankruptcy Code provides that "[t]he court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interests of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721.

21. Authority to operate a business in a Chapter 7 proceeding is appropriate "in a limited number of situations, such as where it appears that a business could be sold for a greater price as a going concern than would be obtained in ordinary liquidation." *In re A & T Trailer Park, Inc.*, 53 B.R. 144, 147 (Bankr. D. Wyo. 1985). See also *In re Lason, Inc.,* 300 B.R. 227, 233 (Bankr. D. Del. 2003).

22. The statutory option for a Chapter 7 trustee to run a debtor's business on a limited basis contemplates circumstances where preserving assets pending a future sale may result in an increased benefit to the estate as opposed to an immediate cessation of operations and piecemeal liquidation. See *In re Quarter Moon Livestock Co., Inc.*, 116 B.R. 775, 782 (Bankr. D. Idaho 1990).

This Court has discretion in considering requests to operate a debtor's business under Section 721 of the Bankruptcy Code. See *In re Heissinger Res. Ltd.,* 67 B.R. 378, 380, 384 (C.D. Ill. 1986).

23.     The limited continued operation of a debtor's business can serve the best interests of the bankruptcy estate by preserving the value of the business as a going concern. *Id*. at 384.

24.     Operating a business may enhance the prospects for its sale, see *In re Heissinger Res. Ltd.,* see also *In re Richter*, 40 F.Supp. 758 (S.D.N.Y. 1941), as well as maintain goodwill until liquidation, see *In re Messenger's Merchants Lunch Rooms*, 85 F.2d 1002 (7th Cir. 1936). Additionally, it may facilitate collections of amounts due and an orderly wind down.

25.     Pursuant to Local Rule 9013-2, the Trustee states that no separate memorandum will be filed and that the Trustee will rely solely upon this Motion.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order, in the form of the proposed order filed herewith:

(a) approving this Motion in its entirety;

(b) authorizing the Trustee to operate the Debtor's business on a limited basis pursuant to 11 U.S.C. § 721 for a period of six (6) months, through December 24, 2026, including the authority to pay, at the Trustee's discretion, regular business expenses in the ordinary course; and

(c) granting such other and further relief as is just and proper.

Date: June 24, 2026                                    Respectfully submitted,

/s/ *Janet M. Nesse*
Janet M. Nesse (#07804)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
*Counsel for the Chapter 7 Trustee*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 24, 2026, I served a copy of the foregoing *Trustee's Motion for Authority to Operate Debtor's Business on an Interim and Limited Basis* and *proposed Order* via first class mail, postage prepaid, upon the following:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Christopher M Desiderio
Nixon Peabody LLP
55 West 46th St
New York, NY 10036

And the attached Mailing Matrix for the Debtor;

and by electronic mail via CM/ECF upon:

- Vernon W. Johnson, III    VJohnson@nixonpeabody.com
- Nicole C. Kenworthy    bdept@mrrlaw.com

*/s/ Janet M. Nesse*
Janet M. Nesse